Donald E. HAMMOND, Appellant,

v.

The STATE of Texas, Appellee.

No. 43631.

Court of Criminal Appeals of Texas.

April 7, 1971.

Marvin O. Teague, Robert Hunt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft; the punishment was assessed by the jury at 8 years.

By his first ground of error, appellant challenges the sufficiency of the evidence. Billy R. Harrington testified that on the evening of February 4, 1968, he and his family attended a Harlem Globetrotters game in downtown Houston; that when they returned to their residence at 1001 Hardesty Street, Seabrook, Harris County, Texas, his 1959 Ford three-quarter ton green pickup truck was gone; that the license number on the truck was F–250 and its value was over $50.00. Witness Harrington further testified that he was acquainted with appellant and did not give him or anyone else consent or permission to take the truck; that he knew appellant did not have a valid Texas driver's license on that date.

The record reflects that on February 5, 1968, witness Harrington, his wife, and the Chief of Police of Seabrook, Alton L. Wilcox, went to Burleson County where the truck was seen at the Rita School House about six miles north of Caldwell.

Officer Norman D. Smith, a patrolman with the Texas Department of Public Safety, testified that he had been "notified to be on the watch for this 1959 green Ford pickup" and the appellant by name and description. He stated that on the 5th day of February, 1968, at approximately 11:00 A.M. he met the appellant in the truck going north "on Farm-to-Market 1362 approximately six miles north of Caldwell in Burleson County;" that he (Officer Smith) immediately turned around, after which appellant "went up to this school in Rita, pulled in driveway of the Rita School;" that appellant stopped the truck, ran inside the cafeteria and brought out a girl as hostage by holding a pistol against the girl's head, and told the officer to stop "right there" and "Then he walked backwards with the little girl into the school Principal's office."

The record reflects that appellant held the girl and the school principal as hostages until the sheriff and F.B.I. agent, Bob White, arrived. After a brief conversation with the sheriff, he (the sheriff) and Agent White were taken as hostages in exchange for releasing the girl and the school principal. The sheriff and Agent White were held for approximately an hour in the principal's office until the arrival of Chief of Police Wilcox, from Seabrook, who went inside and after 10–20 minutes came out with appellant under arrest.

Chief of Police Wilcox testified that when he discovered Harrington's truck missing, on February 4, 1968, he "put out a pick-up to the Department of Public Safety in Houston to notify the Highway Patrol in the vicinity of Caldwell, Burleson County, to be on the lookout for this vehicle and gave them a description of the vehicle and a description of the driver—possible driver.

"Q. Being the defendant, Donald Eugene Hammond?

"A. Yes, sir."

The court charged the jury on the law of circumstantial evidence. The appellant was found in possession of recently stolen property and no consent of the owner was shown. Viewed in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to support that verdict. Beard v. State, Tex.Cr.App., 458 S. W.2d 85; Preston v. State, Tex.Cr.App., 457 S.W.2d 279; Rodriguez v. State, Tex. Cr.App., 419 S.W.2d 372; Bowers v. State, Tex.Cr.App., 414 S.W.2d 929; Hollins v. State, Tex.Cr.App., 411 S.W.2d 366.

Appellant contends that there is a fatal variance between the allegations in the indictment and the proof relative to the name of the injured partyy. The name, Bill Herrington is the name set out in the indictment. When asked to state his name, as a witness, he stated "Billy R. Harrington," later the following occurred:

"Q. And I believe your first name is Bill, is that correct, everybody calls you Bill?

"A. Yes, sir."

■ When the owner is generally known by the name set out in the indictment, or is known by that name as well as another, there is no variance. Crye v. State, Tex. Cr.App., 391 S.W.2d 57; 55 Tex.Jur.2d, page 422, Theft, Sec. 165.

■ The record contains no evidence that there was any difference in the sound of Herrington and Harrington, nor is there any evidence that the attentive ear would not find difficulty in distinguishing them when pronounced; therefore, we hold the names are idem sonans. Webster v. State, Tex.Cr.App., 455 S.W.2d 264; Rodriguez v. State, Tex.Cr.App., 363 S.W.2d 472. In Webster v. State, supra, this court, speaking through Presiding Judge Woodley, noted:

"The variance in the spelling of the name of the complaining witness is not fatal, the names 'LIVE*ZY*' and 'LIVE*ZEY*' being idem sonans."

Ground of error number one is overruled.

■ By his second ground of error, appellant contends that his constitutional rights were violated under the 5th and 14th Amendments of the Constitution of the United States in that he was previously tried and convicted for the offense of murder without malice and the "facts in the murder case were identical to the facts in this cause; i. e. in the murder case the state showed that the defendant shot his wife," prior to taking the truck in question; hence, former jeopardy.

In 16 Tex.Jur.2d, Criminal Law, Sec. 135, we find the rule announced as follows:

"A conviction or acquittal of one of several distinct offenses will not constitute a bar to a trial for the others, notwithstanding that they may have been part of the same transaction. And the fact that two distinct offenses are committed contemporaneously, or that one is committed in aid of the other, does not make them any less separate."

The offenses of murder without malice and of theft are separate and distinct offenses and the same evidence will not sustain a conviction for both. See Morrison v. State, 170 Tex.Cr.R. 218, 339 S.W.2d 529; Sims v. State, 168 Tex.Cr.R. 98, 323 S.W.2d 466; Vasquez v. State, 163 Tex.Cr. R. 16, 288 S.W.2d 100; Sigler v. State, 143 Tex.Cr.R. 220, 157 S.W.2d 903.

Appellant's second ground of error is overruled.

■ Appellant's third ground of error asserts his contention that the indictment is erroneous and void as it fails to state an offense against the laws of this state and it is indefinite, vague, and unintelligible. He does not state in what respect the indictment is void and erroneous and the mere assertion that it fails to state an of-

fense is not proper assignment of error under Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.; Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; McElroy v. State, Tex.Cr.App., 455 S.W.2d 223.

Ground of error No. 3 is overruled.

■ By grounds of error Nos. 4 and 5, appellant contends that the court committed reversible error by failing and refusing to grant defendant's request that the court charge the jury in reference to the law of extraneous offenses and by failing and refusing to grant defendant's requested jury charges.

These general contentions and his general contentions alleged in grounds of error 9 and 10 do not constitute grounds of error under Art. 40.09, Sec. 9, supra; Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Crotts v. State, Tex.Cr.App., 432 S.W.2d 921; Shirden v. State, Tex.Cr.App., 439 S.W.2d 348; Dailey v. State, Tex.Cr.App., 436 S.W.2d 346. Furthermore, the grounds do not designate the portion of the record complained of. Pyeatt v. State, supra; McElroy v. State, supra.

Grounds of error 4, 5, 9 and 10 are overruled.

■ The sixth ground of error urged by appellant is the failure of the court to grant his motion for transcript of evidence of the trial in the cause where he was tried and convicted for murder without· malice.

Article 40.09, Sec. 2, V.A.C.C.P. was not complied with as the record reflects no designation specifying such matter filed with the clerk within 60 days after notice of appeal was given.

Further, no attempt was made to show the relevancy of the transcription of the former proceeding, in a distinct and separate cause, during the hearing " * * * to correct the record." We pereceive no error.

Ground of error No. 6 is overruled.

■ By grounds of error Nos. 14, 15 and 16, appellant complains of jury argument. On the guilt or innocence stage of the trial, the following argument is complained of: "It is inconceivable to me that this man can stand here and say—and what he's trying to do—you talk about smoke screen he accuses us of putting up there—we did not create these facts, not one of them. We did not cause this woman to be dead—

"MR. TEAGUE: Judge, we object—

"MR. JAMES: —at Seabrook, Texas—

"THE COURT: Well, the jury heard the evidence. Stay in the record. The jury won't consider that last remark for any purpose whatsoever.

"MR. TEAGUE: We move for a mistrial.

"THE COURT: That's overruled.

"MR. TEAGUE: Note our exception."

The following argument on the punishment stage of the trial is complained of: "What would make this a proper case for two years? What kind of a person should have two years? I think maybe a 17-year-old that's never been convicted—

"MR. TEAGUE: Now, if the Court please, we are going to object to testimony by the State. It's improper argument.

"MR. JAMES: I'm just asking them a question, Your Honor.

"THE COURT: Stay in the record.

"MR. TEAGUE: May we have a ruling from His Honor?

"THE COURT: That's overruled.

"MR. TEAGUE: Please note our exception.

"MR. JAMES: Do you think that the legislature might have had in mind when they set the punishment range from two

to 10, a two-year punishment for possibly a 17-year-old—

"MR. TEAGUE: If the Court please, we are going to object to anything as to what the legislature had in mind. The law is as it's stated.

"THE COURT: I'll sustain that. Let's get on.

"MR. TEAGUE: We ask that the jury be instructed to disregard the statement.

"THE COURT: The jury won't consider that last statement by the Assistant District Attorney for any purpose whatsoever.

"MR. TEAGUE: We ask for a mistrial.

"THE COURT: That's overruled.

"MR. TEAGUE: Note our exception."

Assuming that the argument was improper, the error was cured by the court's instructions to the jury not to consider the same for any purpose. See Smith v. State, Tex.Cr.App., 457 S.W.2d 58; Mirowitz v. State, Tex.Cr.App., 449 S.W.2d 475.

Grounds of error 14, 15 and 16 are overruled.

█ Finally, appellant contends it was reversible error for the trial court to cumulate this sentence onto Cause No. 130906; and further contends that Art. 42.08 V.A.C.C.P. is unconstitutional.

In Ex parte Hamilton, 163 Tex.Cr.R. 283, 290 S.W.2d 673, this court pointed out that an order of cumulation should give: (a) the number of such prior conviction; (b) the correct name of the court in which the prior conviction was had; (c) the date of the prior conviction; and (d) the term of years assessed in the prior case.

In addition thereto, this court stated in Ex parte Lewis, Tex.Cr.App. 414 S.W.2d 682: "It would further seem desirable, though not essential, to include in the cumulation order the offense for which the defendant has been previously convicted."

The order entered in the case at bar: "This sentence is to be cumulative of 5 year sentence in Cause No. 130906, the State of Texas vs. Donald E. Hammond, offense murder without malice, tried in 174th District Court of Harris County, Texas, Defendant being sentenced on 11 October 1968." This order substantially fulfills the aforementioned requirements and meets the requirement of definiteness. The trial court did not abuse its discretion in entering the same. Ex parte Howard, Tex.Cr.App., 447 S.W.2d 160; Morales v. State, Tex.Cr.App., 416 S.W.2d 403.

█ Appellant's contention that Art. 42.08, supra, is unconstitutional, "as said statement is wholly and totally vague, indefinite, ambiguous and is so lacking in due process standards as not to afford an accused his constitutional rights of due process," is without merit.

Cumulative sentences have been held valid in this state since 1881 when the court, in Shumaker v. State, 10 Tex.App. 117, held that under the statute then in effect, Art. 800 of the Code of Criminal Procedure (1879), it was proper for the court to direct the sentence "commence to run when the sentence in a former trial * * * ceased to operate."

That statute was held to be constitutional. Lillard v. State, (1884) 17 Tex.App. 114.

We hold that Art. 42.08, supra, does not deprive appellant of his constitutional right of due process and that said Article is constitutional.

All other grounds of error have been examined, and we find no reversible error.

The judgment is affirmed.