Mickey **JOHNSON**, a/k/a **Howard Lee Johnston**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 46664, 46665.

Court of Criminal Appeals of Texas.

April 11, 1973.

---

Paul R. Lawrence, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James Larkin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals are taken from convictions for sale of lysergic acid diethylamide (LSD). In each indictment there were allegations designed to invoke the provisions of Article 63, Vernon's Ann.P.C., for the purposes of enhancement. On April 3, 1972, the appellant waived trial by jury and entered a plea of guilty before the court to the primary count in each indictment after the State waived the recidivist allegations in both indictments. The punishment in the trial court's Cause No. 173,257 was assessed at 10 years confinement and that in Cause No. 173,258 was assessed at 2 years. On the same date, the appellant waived the time in which to file a motion for new trial, etc., in each case and was duly sentenced. The court first imposed the 10 year sentence and then cumulated the 2 year sentence "to" that of the earlier sentence.

There is no challenge to the sufficiency of the evidence to support the pleas of guilty or the order of cumulation.

Appellant's grounds of error are directed only to the action of the court in cumulating the sentences. Since the cumulation order was entered only in the second cause, there are no grounds of error relating to the first conviction on appeal.

Initially, appellant contends that "consecutive sentences as imposed in Texas violate due process and restrain the exercise of constitutional rights."

The appellate record before us contains no data to support this broad-based contention and there is no showing that there was any restraint of the exercise of the constitutional rights of this appellant.

Appellant does attack the constitutionality of "Vernon's Annotated Code of Civil Procedure Article 48.02." It is obvious from his argument that he apparently has reference to Article 42.08, Vernon's Ann. C.C.P., which permits a trial court, in its discretion, to cumulate sentences.

Only recently in Hammond v. State, 465 S.W.2d 748 (Tex.Cr.App.1971), this court considered the very contention advanced by the appellant and held Article 42.08, supra, to be constitutional. Further, we reject the claim that the statute could be constitutional only if certain standards are set forth to guide the court in the exercise of its discretion.

Next, appellant urges that "consecutive sentences imposed by the judge is in conflict with the right to trial by jury and with Vernon's Annotated Code of Civil Procedure Article 37.07." Here, again, we conclude that appellant apparently has reference to the Code of Criminal Procedure and, again, find his contention to be nonmeritorious.

Appellant asserts substantial rights are involved and each defendant is entitled to a jury trial on the issue of cumulation of sentences. No authorities are cited.

The constitutional right of trial by jury does not encompass the right to have

the jury assess the punishment. Jones v. State, 416 S.W.2d 412 (Tex.Cr.App.1967); Johnson v. State, 436 S.W.2d 906 (Tex.Cr. App.1968); Martin v. State, 452 S.W.2d 481 (Tex.Cr.App.1970).

Further, in the instant cases, the appellant waived trial by jury and entered guilty pleas before the court. Aritcle 37.- 07, Vernon's Ann.C.C.P., deals basically with cases tried before a jury on a plea of not guilty. Such statute is not here applicable nor is it in conflict with Article 42.- 08, supra, which authorizes the trial court to cumulate sentences regardless of whether the punishment was assessed by judge or jury.

The judgments are affirmed.