**Michael Anthony MINOR, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00398–CR.**

Court of Appeals of Texas,
San Antonio.

May 18, 1983.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Susan D. Reed, Alan Battaglia, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a conviction for aggravated assault with a deadly weapon. The jury found appellant guilty as charged and assessed his punishment at eight years' confinement in the Texas Department of Corrections. In a companion case tried jointly, appellant was also assessed punishment for the offense of murder at thirty-five years' confinement in the Texas Department of Corrections. The trial court ordered the sentences to run cumulatively pursuant to Tex.Code Crim.Proc.Ann. art. 42.08 (Vernon 1979).

The first ground of error contends that the court's order cumulating the sentences denied appellant due process of law as a result of the following:

A. Appellant was not given written notice of the state's motion to stack sentence or of the court's intention to consider cumulating this sentence with that in cause number 81–CR–0764.

B. Appellant was not given prior notice of the evidence on which the court would base its cumulation order.

C. Appellant was not given the opportunity to be heard and to present evidence on the issue of cumulation.

D. Appellant was not given the opportunity to confront and cross-examine the witnesses against him on the issue of cumulation.

E. Appellant was not provided with a written statement of reasons supporting the court's order of cumulation.

F. The cumulation order penalized appellant's exercise of his right to file a motion for new trial without providing objective information concerning identifiable conduct on which the cumulation order was based.

The jury found appellant guilty of aggravated assault with a deadly weapon upon the person of Fred Aguilar and the same jury found him guilty in the companion case, tried jointly, of murder in the shooting and killing of Jesse De Los Santos. Both offenses were simultaneous, arising out of the same occurrence. The brief necessary facts indicate that the offense occurred in San Antonio on December 31, 1980, at approximately 5:00 p.m. on a city Via bus parked at Travis and Navarro Streets. It appears that appellant and his friends had been fighting with the victim and some of his friends at and in the vicinity of Travis Park. A city Via bus stopped to load passengers and all the participants in the fight boarded the bus and continued fighting whereupon appellant shot the victim, Fred Aguilar.

Tex.Code Crim.Proc.Ann. art. 42.08, *supra,* provides as follows:

When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one convictions, *except that in the discretion of the court, the judgment in the second and subsequent conviction may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate,* or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. [Emphasis ours.]

■ In *Hammond v. State,* 465 S.W.2d 748, 752 (Tex.Cr.App.1971), the Court of Criminal Appeals held that article 42.08 *supra,* does not deprive an appellant of his constitutional right of due process, and that the statute is constitutional. Later in *Johnson v. State,* 492 S.W.2d 505, 506 (Tex.Cr. App.1973), the court reiterated the holding of the *Hammond* case, *supra,* saying, "we reject the claim that the statute could be constitutional only if certain standards are set forth to guide the court in the exercise of its discretion." "There is no 'right' to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the discretion of the trial judge." *Carney v. State,* 573 S.W.2d 24, 27 (Tex.Cr. App.1978). Appellant does not argue, nor does the record reflect an abuse of discretion by the trial judge. Hence, in view of the rulings in *Hammond, Johnson,* and *Carney, supra,* we conclude that appellant was not denied due process of law. The trial court properly exercised its discretion under article 42.08, *supra,* to cumulate the sentences. Ground of error number one is overruled.

In ground of error number two appellant asserts the evidence was insufficient to show that appellant shot the complainant. In *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr.App.1974), the Court discussed the appropriate standard for review of insufficiency of the evidence questions, saying:

[I]t is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence

which, if believed, shows the guilt of the accused. [Citations omitted]

In accord with the *Banks* case, *supra,* is *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr. App.1978). More recently in *Combs v. State,* 643 S.W.2d 709, 716 (Tex.Cr.App. 1982), the Court discussed the difference between sufficiency of the evidence points in civil cases and criminal cases, saying:

Sufficiency of the evidence as determined by this Court is a question of law. It is irrelevant whether we as a court believe the evidence, or believe that defense evidence 'outweighs' the State's evidence. If there is any evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds.

■ In the instant case, the record shows direct testimony by the witness Eugene Mireles, who testified he saw appellant shoot Fred Aguilar. The bus driver, David Dominguez, identified appellant as the only person with a pistol. Appellant testified in his own behalf and admitted that one of his friends gave him the pistol and that he fired two shots during the altercation in the Via bus. Thus, having viewed the evidence in the light most favorable to the jury verdict, we conclude that there was sufficient evidence to support appellant's conviction. Ground of error number two is overruled.

The judgment is affirmed.

CANTU, J., concurs in result.

CADENA, Chief Justice, concurring.

I agree that the conviction should be affirmed, but I would not base such affirmance on *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982), without pointing out that appellant's complaint presents, under decisions of the Court of Criminal Appeals, only the contention that there is "no evidence" of guilt and that the question of whether the finding of guilt is against the weight and preponderance of the evidence is not before us.

In *Combs* the Court of Criminal Appeals held that a Court of Appeals had no power to reverse a conviction on the ground that the finding of guilt is so against the overwhelming preponderance of the evidence as to be clearly unjust and wrong. This holding is based on a clear misinterpretation of Tex.Const. art. V, § 6 (amended 1980, effective September 1, 1981) (hereinafter referred to as § 6), the constitutional provision defining the jurisdiction of the Court of Appeals.

Prior to the 1980 amendment, § 6 was applicable only to the Courts of Civil Appeals which exercised appellate jurisdiction only in civil cases. At that time the pertinent provisions of § 6 were as follows:

Said Court of *Civil* Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all *civil* cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. [Emphasis added.]

The 1980 amendment was designed to expand the jurisdiction of the intermediate appellate courts to include criminal cases. This was accomplished by the simple deletion of the word "civil" from the jurisdiction-granting portion of § 6, so that the constitutional provision now reads:

Said Court of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error.

The critical portion of § 6 is the proviso which makes the decision of a Court of Appeals "conclusive on all questions of fact brought before" it "on appeal or error".

Prior to the 1980 amendment, the consistent holding was that the provision making conclusive the decision of the intermediate appellate courts on "questions of fact" vested in such courts the power to decide the "fact question" of weight and preponderance of the evidence and to reverse the judgment of the trial court if the critical fact findings on which the judgment is based are against the weight and preponderance of the evidence. This is made clear in *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951), which *Combs* recognizes as the "leading case on this point". As the Supreme Court said in *King:*

> [This grant of power to decide the fact question of weight and preponderance of the evidence] is the meaning given the constitutional phrase 'all questions of fact brought before them on appeal or error' of § 6, . . . *But for that interpretation, there would be no 'questions of fact' for the Court of Civil Appeals to determine* ∴ . . . [Emphasis added.]

244 S.W.2d at 662.

Meanwhile, the Court of Criminal Appeals consistently held that it had no power to consider questions of fact and, therefore, could not entertain contentions that the finding of guilty was contrary to the weight and preponderance of the evidence. But these decisions did not involve an interpretation of § 6, since that provision did not purport to define the jurisdiction of that court. The conclusion that the Court of Criminal Appeals had "no fact jurisdiction as do the Court of Civil Appeals" and, therefore, had no power to "unfind" a fact or pass upon the great weight and preponderance of the evidence was based "on examination of the constitutional and statutory provisions relating to the jurisdiction of the Court of Criminal Appeals". *Martin v. State,* 605 S.W.2d 259, 261 (Tex.Cr.App. 1980). During this time, the Court of Criminal Appeals clearly recognized that the difference in the power of the Court of Criminal Appeals and the Court of Civil Appeals was due to the presence in § 6 of language not found in the provisions defining the jurisdiction of the Court of Criminal Appeals. As Presiding Judge Onion pointed

out in *White v. State,* 591 S.W.2d 851, 855 (Tex.Cr.App.1979), the fact that the Court of Criminal Appeals lacks jurisdiction to consider complaints that the verdict is against the weight and preponderance of the evidence, "as would a Court of Civil Appeals", is due to "a somewhat peculiar constitutional provision applicable to Courts of Civil Appeals". There can be no doubt that the "peculiar constitutional provision" was that portion of § 6 which makes the decision of the intermediate appellate court on questions of fact conclusive.

In *Combs,* Judge Davis assures us "it *is* clear that the phrase 'questions of fact' *is,* in the context of Art. 5, Sec. 6, a legal term of art signifying 'questions of weight and preponderance of the evidence' ". [Emphasis added.] 643 S.W.2d at 715.

The opinion of the Houston Court of Appeals in *Combs* should be considered in order to understand fully the meaning of the opinion of the Court of Criminal Appeals reversing the judgment of the Houston Court. The opinion of the Houston Court is reported in 631 S.W.2d 534 (1982).

In reversing the conviction and remanding the case for a new trial, the Houston Court held (1) the confession of the defendant should not have been admitted into evidence because it was not taken in compliance with article 38.22 Tex.Code Crim. Proc.Ann. and the United States Constitution and defendant had not knowingly, intelligently and voluntarily waived his rights; and (2) the prosecution failed to prove the cause of death alleged in the indictment.

Holding (1) would, at least in some cases, require a reversal of the conviction and a remand for a new trial, even if, as the Court of Criminal Appeals said, the Houston Court "held, as a matter of law, the defendant was incapable of knowingly, intelligently, or voluntarily waiving his *Miranda* rights". 643 S.W.2d at 711. Irrespective of the holding concerning the admissibility of the confession, the holding concerning failure to prove the cause of death could not form the basis of a remand

for a new trial if such holding was based on the theory that there was no evidence that the cause of death was that alleged in the indictment. Under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a remand for new trial would have violated the Double Jeopardy Clause of the United States Constitution. The Double Jeopardy Clause precludes retrial once the reviewing court has found the evidence legally insufficient. *Burks, supra,* 437 U.S. at 18, 98 S.Ct. at 2150. That is, a retrial is prohibited whenever the prosecution's "case was so lacking that it should not have been *submitted* to the jury". *Id.* at 16, 98 S.Ct. at 2149.

The conclusion reached by the Court of Criminal Appeals in *Combs* that it had jurisdiction to review the holding of the Houston Court and to hold, contrary to the decision of the Houston Court, that the State had established the cause of death, is necessarily based on the assumption that "sufficiency of the evidence to sustain criminal convictions as determined by this Court is a question of law...." 643 S.W.2d at 717. It cannot be doubted that, under the decisions of the Court of Criminal Appeals, a challenge to the "sufficiency of the evidence" or a complaint that the evidence is "insufficient" to sustain a conviction, will be determined by viewing "the evidence in the light most favorable to the verdict" and sustaining the conviction "if there is any evidence which, if believed, shows the guilt of the accused". *Banks v. State, supra,* 510 S.W.2d at 595. Stated differently, a "sufficiency of the evidence" or "insufficient evidence" complaint is treated as a "no evidence" complaint, since it must be overruled if there is "any evidence" of guilt. Under this definition of "insufficient evidence", a holding by the Court of Appeals that the evidence is "insufficient" to support a conviction does, in fact, involve a decision on a question of law rather than a question of fact, and review of that decision by the Court of Criminal Appeals is not precluded by that portion of § 6 which makes the decision of the Court of Appeals conclusive on questions of fact.

But the conclusion that the Houston Court held that there was "no evidence" of the cause of death cannot be indulged in view of the fact that the Houston Court not only reversed the conviction but remanded the case for a new trial. As already pointed out, a retrial is prohibited when the appellate court finds that there is no evidence to support a conviction. Therefore, the judgment of the Houston Court can be valid only if it was based on a finding other than a finding of no evidence.

A review of the opinion of the Houston Court demonstrates that it was dissatisfied with the judgment of conviction after reviewing evidence which, in its opinion, was inconsistent with the experts' testimony that the death of the victim was due to drowning. 631 S.W.2d at 538. If, in fact, the Houston Court was attempting to dispose of a "no evidence" point by searching the record to discover if there was "some evidence" that the cause of death was drowning, it would have limited its review of the evidence by considering the evidence in the light most favorable to the verdict. It would not have considered evidence which was destructive of the verdict. The fact that the intermediate court accented the evidence which was inconsistent with the verdict, when coupled with the fact that its judgment was one ordering a new trial is completely inconsistent with the assumption that the reversal was based on a finding of "no evidence". The process followed in reviewing the evidence and the judgment ordering a new trial are consistent only with the conclusion that the Houston Court determined that the finding of guilt was against the weight and preponderance of the evidence.

If the reference to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) was intended to show that a reversal of a state court conviction can only be had when the reviewing court determines that there is "insufficient evidence," in the sense of "no evidence" to support the finding of guilt, the suggestion is based on a mis-reading of *Jackson. Jackson* concerned only "the standard . . . to be applied in a federal

habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence." 443 U.S. at 309, 99 S.Ct. at 2783. In such a case, the Court decided that the applicant's burden was to show that the evidence at trial was such "that no rational trier of fact could have found proof of guilt beyond a reasonable doubt". *Id.* at 324, 99 S.Ct. at 2791. *Jackson* is applicable only when a person convicted in a state court collaterally attacks the state court judgment in a federal court. The fact that *Jackson* is to be so limited is made manifest by the holding in *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), which upheld the power of a state appellate court to reverse a state court's judgment of conviction on the ground that the finding of guilt was against the great weight and preponderance of the evidence. As pointed out in *Tibbs, Jackson* held "that the Due Process Clause forbids any conviction based on evidence insufficient to persuade a rational factfinder of guilt beyond a reasonable doubt", but *Jackson* does no more "than set a lower limit on an appellate court's definition of evidentiary sufficiency". 457 U.S. at 44, 102 S.Ct. at 2220, 72 L.Ed.2d at 663. The *Tibbs* holding was that "the Double Jeopardy Clause does not prevent an appellate court from granting a convicted defendant" a new trial when the finding of guilt, although supported by some evidence, is against the weight and preponderance of the evidence.

Considering all of the circumstances present in *Combs,* it appears that the Court of Criminal Appeals reversed a judgment of a Court of Appeals when that judgment was based on a decision concerning the weight and sufficiency of the evidence. Since, as the Court of Criminal Appeals recognizes in *Combs,* the phrase "questions of fact" as used in § 6, signifies questions concerning weight and preponderance of the evidence, it appears that *Combs* fails to give the decision of the Houston Court that finality and conclusiveness which is clearly mandated by § 6. The conclusion by the Court of Criminal Appeals that the conviction in *Combs* was supported by some evidence, which clearly rests on a determination of a question of law, can furnish no basis for overturning the conclusion of the intermediate court that the finding of guilt was against the weight and preponderance of the evidence. As pointed out in *Tibbs, supra,* "[a] reversal based on the weight of the evidence, moreover, can occur only after the State has both represented sufficient evidence to support the conviction, and has persuaded the jury". 457 U.S. at 43, 102 S.Ct. at 2219, 72 L.Ed.2d at 662. A reversal based on weight and sufficiency is based on the conclusion that, despite the abstract sufficiency of the evidence to support the conviction, the evidence preponderates heavily enough against the verdict that a serious miscarriage of justice may have occurred. In such a case, the reviewing court, if it has jurisdiction, as does a Court of Appeals, to determine the question of fact, may set aside the conviction and grant a new trial.

If the opinion of the Court of Criminal Appeals in *Combs* is based on the theory that the Houston Court ordered a new trial based on a finding of "no evidence", no problem arises concerning the applicability of the clear grant of jurisdiction to the Court of Appeals to make a conclusive determination concerning questions of fact, even though that theory rests on the assumption that the Houston Court was ignorant of the fact that ordering a new trial under such circumstances violated the Double Jeopardy Clause. However, the nature of the judgment reversed by the Court of Criminal Appeals is such as to create a justifiable concern that the grant of jurisdiction to the Court of Appeals contained in § 6 may be subject to restriction.