IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00078-CR

 

Eusebio Loredo,

                                                                      Appellant

 v.

 

State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2000-850-C

 



O p i n i o n



 








     Appellant,
Eusebio Loredo (Loredo), was charged by indictment with three counts of felony
Aggravated Sexual Assault of a Child. 
Loredo pled not guilty, but a jury found him guilty on all three
counts.  Punishment was assessed by the
jury at 30 years’ imprisonment for each count. 
The judge ordered the sentences be served consecutively.  Loredo appealed on three issues, and this
court reversed the judgment on the first issue and remanded the cause for a new
trial.[1]  The State sought discretionary review.  The Court of Criminal Appeals reversed our judgment
and remanded the cause to this Court to address Loredo’s two remaining
issues.  Loredo v. State, 107 S.W.3d 36 (Tex. App.—Waco 2003), rev’d, 2004 Tex. Crim. App. LEXIS 635 (Tex. Crim. App. April 7, 2004). 
Loredo’s two remaining issues are: 1) trial counsel was ineffective for
failing to file a request for notice under article 37.07 section 3(g) of the
Code of Criminal Procedure; and 2) Texas Code of Criminal Procedure article
42.08 is violative of the delegation doctrine and therefore unconstitutional
under article II, section one of the Texas Constitution.

We will affirm the judgment.

INEFFECTIVE
ASSISTANCE OF COUNSEL

Loredo argues that his trial counsel
was ineffective in failing to file a request for notice under article 37.07 section
3(g) of the Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp 2004-2005).[2]  Counsel failed to request that the State give
notice of its intent to offer evidence of extraneous offenses or bad acts, and Loredo
argues that this failure fell below the “objective standard of reasonableness.”

The State argues that this court should
not establish a bright-line rule that it is a mandatory duty of defense counsel
to request notice under article 37.07 section 3(g), particularly when the State
had an open-file policy[3]
and without knowing Loredo’s counsel’s punishment-phase strategy.

We must adhere to the United States
Supreme Court's two-pronged Strickland
test to determine whether counsel's representation was so inadequate as to
violate a defendant's Sixth Amendment right to counsel.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); Thompson v. State, 9 S.W.3d
808, 812 (Tex. Crim. App. 1999). The Strickland
test applies to the punishment phase of a noncapital case.  Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

Strickland requires a defendant to show that: (1)
counsel's representation fell below an objective standard of reasonableness and
(2) counsel's deficient performance prejudiced the defendant.  Roe v.
Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029, 1034, 145 L.Ed.2d
985 (2000); Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  The assessment of whether a defendant
received ineffective assistance of counsel must be made according to the facts
of each case.  Thompson, 9 S.W.3d at 813.  The
appellant bears the burden of proving by a preponderance of the evidence that
counsel was ineffective.  Id.  A single
error can be so substantial that it causes the attorney’s assistance to fall
below the Sixth Amendment standard.  Id.

Entitled to Notice

Because Loredo is arguing that his
counsel was deficient in failing to request notice of the State’s intent to use
extraneous bad acts, we first ask whether he was entitled to the notice.  Jaubert
v. State, 74 S.W.3d 1, 2 (Tex. Crim. App.), cert. denied, 537 U.S. 1005 (2002). 
Because the State offered the evidence of extraneous bad acts in its
case-in-chief in the punishment phase, not during cross-examination or
rebuttal, Loredo was entitled to notice of these acts.  Id. at 4.




Objective Standard of
Reasonableness

When reviewing a claim of
ineffective assistance of counsel under the first prong of Strickland, there is a strong presumption that defense counsel's
conduct was reasonable and constituted sound trial strategy.  Strickland,
466 U.S. at 689, 104 S.Ct. at 2065.  We evaluate the totality of the
representation from counsel's perspective at trial, rather than counsel's
isolated acts or omissions in hindsight.  Gutierrez
v. State, 8 S.W.3d 739, 749 (Tex. App.—Austin 1999, no pet.).  Appellant has the ultimate burden to overcome
this presumption and demonstrate not only that counsel's performance was
unreasonable under the prevailing professional norms, but that the challenged
action was not sound trial strategy.  Id.

We have previously held that there
could be no strategic basis for not requesting notice under article 37.07 section
3(g).  Jaubert v. State, 65 S.W.3d 73, 81-82 (Tex. App.—Waco 2000), rev’d on other grounds by 74 S.W.3d 1
(Tex. Crim. App.), cert. denied, 537 U.S. 1005 (2002).[4]  “The purpose of article 37.07 § 3(g) is to
avoid unfair surprise, that is trial by ambush.”  Chimney
v. State, 6 S.W.3d 681, 697 (Tex. App.—Waco 1999, no pet.).  “[T]he purpose is to allow the defendant adequate
time to prepare for the State’s introduction of the [evidence] at trial.”  Id. at 693-94. 
Because Loredo’s counsel should not want to be ambushed with extraneous
bad acts introduced by the State at the punishment hearing, we find this
failure to request notice unreasonable and not justifiable by sound trial
strategy.  See Ex Parte Menchaca, 854 S.W.2d 128, 129 (Tex. Crim. App. 1993)
(finding counsel was ineffective in failing to file a motion in limine to
prohibit the introduction of a prior rape conviction in a trial for delivery of
a controlled substance); see also Autry
v. State, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref’d)
(“[P]urposefully deciding not to request disclosure by the State of its intent
to introduce evidence of extraneous offenses may amount to questionable trial
strategy . . .”).  Loredo has met his
burden to show that his counsel’s representation fell below an “objective
standard of reasonableness.”  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Jaubert, 65 S.W.3d at 82-83.

Prejudice

The second prong of Strickland requires a showing that
counsel's errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is
reliable.  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Mallet v. State, 9 S.W.3d 856, 866 (Tex. App.—Fort Worth 2000, no pet.).  The appellant must show there is a reasonable
probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Id., at 669, at 2056.

During the State’s case-in-chief in
the punishment phase, the State introduced testimony of eight witnesses.  Three were law enforcement officers who
testified they were familiar with Loredo’s bad reputation with regard to being
peaceful and law-abiding.

Another witness, Melissa Pick, the
mother of two of Loredo’s children, testified that Appellant was not peaceful
and law-abiding.  She testified that
Loredo is a drug user.  She described one
incident where he stole money from her for drugs and she confronted him, which
lead to a fight with him “pushing and slinging” her and then he held a knife to
her throat and threatened to kill her. 
She also testified that he punched her in the eye during labor with
their second child.  She testified that he
threw his dad over the dining room table after one of their fights.  She explained an incident where he punched
her in the eye one night and that she reported to the police.  Finally, she stated she left him because of
his violence and he no longer visited his children.  The police officer, who took the report from
Melissa about being punched in the eye, testified consistently with Melissa’s
testimony.  

Sabrina, the mother of Loredo’s
third child, also testified that Loredo was not peaceful or law-abiding.  She testified that Loredo was a drug
user.  Sabrina described an incident
where Loredo punched her in the face and attempted to choke her when she was
eight months pregnant.  She testified about
another incident where Loredo pointed an AK-47 at her head while she was
holding their son and then started shooting the gun all around the room and then
punched her in the face.  She also testified
that Loredo grabbed her by the neck and hair at a dance and police officers had
to get Loredo off of her.  Two detectives
testified about this incident at the dance and stated that they arrested Loredo
for assault that night.  Additionally, Sabrina
described an assault on her and a sexual assault on Sally (a friend of theirs)
one evening when they were partying.  She
stated that she eventually left him.

On cross-examination, Appellant’s
counsel did not ask any questions to four of the State’s witnesses and asked a
few questions to the other State’s witnesses. 
During rebuttal, Appellant’s counsel called Sally, and she testified
that Loredo did not sexually assault her. 
Loredo’s counsel also called Loredo’s mother who testified that Loredo
did not own an AK-47, and Loredo did not throw his father (her husband) across
a dining room table.  She also testified
that Sabrina would have reason to lie because she resented Loredo for having
sole possession of their son for an extensive period of time after she left him.

During rebuttal by the State, an
officer testified that he responded to the call where Loredo allegedly assaulted
Sabrina and sexually assaulted Sally.  He
testified consistently with the description provided by Sabrina.  On further rebuttal, Appellant’s counsel
called Alicia (a friend who was present the night of the assaults), and she
testified that Sabrina and Loredo were consuming cocaine that night and Loredo
did not try to “mess with” Sally.  Alicia
stated that she did not speak to the police that night regarding what had
happened.  The State then recalled the
officer who responded the night of the alleged sexual assault and testified
that Alicia did tell him that Loredo wanted to f___ Sally and had been trying
to get her all day, which he documented in his report.

After hearing this testimony, the
jury assessed punishment at 30 years’ imprisonment and no fine for each of the
three counts.  The maximum punishment for
each count was life imprisonment and a $10,000.00 fine.  Our review of the punishment phase of the
trial shows that Loredo’s counsel appeared to have been prepared to rebut the
State’s evidence of the extraneous bad acts based on his immediate rebuttal
with Sally and Loredo’s mother and later rebuttal with Alicia.  Loredo’s counsel did not seem surprised by
any of the State’s witnesses.  There is
nothing in the record to indicate and Loredo does not argue that his counsel would
have taken different steps to rebut or object to the State’s evidence had he
received written notice of these extraneous bad acts.  See
Autry v. State, 27 S.W.3d 177, 182 (Tex. App.—San Antonio 2000, pet. ref’d)
(“[Appellant] has not stated what steps he would have taken if he had received
written notice of the State's intent to introduce extraneous evidence.”).  There is also nothing in the record to
indicate that the jury might have assessed less than 30 years for each count—based
on the record, it is not reasonably probable that Loredo’s sentence would have
been any less.  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  Therefore, we do not find that counsel’s
error was so serious that it deprived Loredo of a fair trial.  Id., at 687, at 2064.  This error was not of a magnitude significant
enough to render Loredo’s counsel ineffective. 
Thompson, 9 S.W.3d at
813.  We overrule issue one.

UNCONSTITUTIONALITY OF TEXAS CODE
OF

CRIMINAL PROCEDURE ART. 42.08(A)

 

Loredo argues that article 42.08(a)
violates the constitutional delegation doctrine (principle of separation of
powers) because there are not sufficient or adequate guidelines for the trial
court’s exercise of its discretion in determining whether the sentences should
be cumulated or run concurrently.  See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2004-2005).  Appellant properly preserved this issue in
his motion for new trial.  Tex. R. App. P. 33.1(a)(1).

When reviewing an attack on the
constitutionality of a statute, the appellate court begins with a presumption
that the statute is valid and the Legislature has not acted unreasonably or arbitrarily.  Luquis
v. State, 72 S.W.3d 355, 365 n.25 (Tex. Crim. App. 2002).  This presumption stands until the contrary is
shown beyond a reasonable doubt.  Williams v. State, 514 S.W.2d 772, 773
(Tex. Civ. App.—Beaumont 1974, writ ref’d n.r.e.) (citing Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946)).  The burden is on the party challenging the
statute to establish its unconstitutionality. 
Ex parte Ports, 21 S.W.3d 444,
446 (Tex. App.—San Antonio 2000, pet. ref’d).

Loredo acknowledges that the Court
of Criminal Appeals has ruled that this statute is not an unconstitutional
delegation of authority.  See Johnson v. State, 492 S.W.2d 505,
506 (Tex. Crim. App. 1973); Hammond v.
State, 465 S.W.2d 748, 752
(Tex. Crim. App. 1971).  But he argues
that Johnson has been impliedly
overruled by Ex parte Granviel, 561
S.W.2d 503 (Tex. Crim. App. 1978) (en banc) (regarding the constitutionality of
Tex. Code Crim. Proc. Ann. art.
43.14 (1977)), and In re Johnson, 554
S.W.2d 775, 780-81 (Tex. Civ. App.—Corpus Christi 1977), writ ref’d n.r.e. per curiam, 569 S.W.2d 882 (Tex. 1978) (regarding the constitutionality of Tex. Rev. Civ. Stat. Ann. art. 2324
(1976)).  Neither Ex parte Granviel or In re
Johnson deal with the constitutionality of article 42.08; therefore we
disagree with Loredo that Johnson and
Hammond have been impliedly overruled.  Since there has been no change in article
42.08 that is material to this appeal since Johnson
and Hammond were decided, we are
bound by the Court of Criminal Appeals' holdings regarding its
constitutionality.  We overrule issue
two.

CONCLUSION

We overrule both of Loredo’s issues.  Therefore, we affirm the judgment.

 

BILL VANCE

                                                                   Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

          (Chief Justice Gray
concurring)

Affirmed

Opinion delivered and filed December
 8, 2004

Publish

[CRPM]











    [1]           The remaining two issues were not
decided.





    [2]       Section 3(a) of article 37.07 permits the
court to admit evidence at punishment of extraneous offenses or bad acts.  Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp 2004-2005).  However, through section 3(g), a defendant
can discover if the State intends to offer this type of evidence.  Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp. 2004-2005).

 





    [3]       We reject this argument because an “open
file” policy cannot substitute for an article 37.07 section 3(g) request.  See
Jaubert v. State, 65 S.W.3d 73, 81-82
(Tex. App.—Waco 2000), rev’d on other
grounds by 74 S.W.3d 1 (Tex. Crim. App.), cert. denied, 537 U.S. 1005 (2002) (finding the difference between
“open file” policy and the notice request under article 37.07 section 3(g) is
that under article 37.07 section 3(g), there is a continuing duty on the State
to notify defendant of all extraneous offense evidence it intends to
introduce).





    [4]       The Texas Court of Criminal Appeals reversed
our Jaubert decision finding
ineffective assistance of counsel because the extraneous offenses were only
presented in cross-examination/rebuttal, not in the State’s case-in-chief.  Jaubert
v. State, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002).  Here, the State introduced the extraneous offenses
in its case-in-chief.