# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00526-CR

**Robert F. Brown III, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 05-307-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury convicted Robert F. Brown III of six counts of the second-degree felony offense of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11 (West 2003). The jury assessed appellant's punishment at twelve years in prison on counts one through five, and ten years in prison, probated, on count six. The trial court sentenced appellant to twelve years' confinement on counts one through five, and ten years in prison, probated, on count six. The court ordered that appellant's sentences in counts 1, 2, 3, 4, and 6 be served consecutively and that appellant's sentence in count five be served concurrently with his sentence in count one.

In three issues, appellant contends that he received ineffective assistance of counsel, that his sentence is unconstitutional, and that the trial court erred in failing to hold a hearing on his motion for new trial. For the reasons that follow, we affirm the judgment of conviction.

# FACTUAL BACKGROUND

In the summer of 2003, the twelve-year-old complainant, Q.A., and his mother moved to Williamson County from out of state. The mother met appellant at her place of employment and they began dating in September. Appellant befriended Q.A., taking him bowling, to the mall, to Fiesta Texas for spring break, to visit friends, and to the dog races. Appellant also bought Q.A. gifts. As his mother's relationship with appellant developed, in October Q.A. spent the night at appellant's apartment. On one occasion when Q.A. was spending the night at appellant's apartment, he wet the bed. On another occasion at appellant's apartment, as he was trying to sleep, appellant "reached over and put his hand under [Q.A.]'s pants and underwear and had grabbed [his] penis and started stroking it."

Appellant moved in with Q.A. and his mother in December 2003. The testimony at trial revealed that appellant had numerous sexual encounters with Q.A. when his mother was not in the house or was out of town. Appellant frequently entered Q.A.'s bedroom in the early morning and touched him inappropriately. At trial, appellant testified that he was only checking Q.A. occasionally to see if he had wet the bed. After a four-day trial, the jury found appellant guilty on all six counts.

# ANALYSIS

*Ineffective Assistance of Counsel*

Appellant urges that he received ineffective assistance of counsel because his trial counsel allowed a juror to be seated when the record clearly showed that the juror was biased and could not consider the full range of punishment. Because appellant was eligible for probation and

appellant argues that the juror would not consider probation as an option, appellant contends that counsel's actions "unquestionably fall outside the spectrum of objectively reasonable trial strategy."

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance, an appellant must, by a preponderance of the evidence, prove that (i) trial counsel's performance fell below an objective standard of reasonableness, and (ii) counsel's deficient representation prejudiced appellant's defense. *Strickland*, 466 U.S. at 687-88; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To meet this burden, an appellant must show that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). In other words, the appellant must prove counsel's representation so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686. If "there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002).

The purpose of voir dire questioning is to determine whether a potential juror should be challenged for cause or peremptorily, or whether he or she should be accepted by the examining party for service on the jury. *Eason v. State*, 563 S.W.2d 945, 946-47 (Tex. Crim. App. 1978); 3 Charles E. Torcia, *Wharton's Criminal Procedure* § 419 (13th ed. 1991). The questioning party

may ask a potential juror any pertinent question "tending to establish the ground for challenge, such as disqualification for service on any jury, implied bias, or actual bias." Charles E. Torcia, *supra*, at § 420. Voir dire may also serve to prepare the jury for difficulties likely to be encountered in the case, to educate the jury on the applicable law, or to otherwise persuade the jury. 3 *Texas Criminal Practice Guide* § 72.03[1] (Matthew Bender & Co. ed., 2007).

During voir dire, the State asked the venire panel members if they could consider probation in an appropriate case of indecency with a child by contact: "Could you see that there might be a case out there, maybe that situation, or think of your own where you might be able to consider, okay, that might be a case where probation would be appropriate? You might even be mad that we're prosecuting something like that." The record reflects "heads nodding." The State then asked whether there was anyone "that feels like you could not consider the lower end of the punishment range, either probation or two years?" None of the venire members indicated that they could not consider probation in the appropriate case.

After expressing his concern to the panel that they be willing to consider the entire range of punishment including probation, the following exchange occurred between appellant's defense counsel and juror O. Murphy when Murphy responded to counsel's inquiry:

| | |
|---|---|
| Murphy: | I guess I'm torn in that regard because if you're giving someone probation, you're believing that rehabilitation would work, and I don't necessarily believe in certain cases of sexual deviant behavior that rehabilitation actually helps at all. |
| [Counsel]: | Right. So some people can't be rehabilitated. For some people, probation is just not appropriate, right? |
| Murphy: | Right. |

| | |
|---|---|
| [Counsel]: | My concern is do you think that that's everybody who happens to be charged with indecency or convicted of indecency is irretrievable? |
| Murphy: | I think you have to look at the—the case itself and the evidence within a case— |
| [Counsel]: | Right. |
| Murphy: | —but me personally, I do feel like certain sexual deviant behavior is not rehabilitatable, you can't rehabilitate the person. |
| [Counsel]: | Sure. Sure. Like a serial child rapist, for instance— |
| Murphy: | Right. |
| [Counsel]: | —can't be rehabilitated. |

Defense counsel then called on another juror who spoke to the importance of listening to all the evidence before making a judgment. Defense counsel did not challenge Murphy or remove him with a peremptory strike. Murphy was seated on the jury.

Appellant urges that there is no plausible basis for leaving Murphy on the jury panel and that therefore counsel's performance was deficient and fell below an objective standard of reasonableness. But Murphy did not state that he could not consider probation in the appropriate case of indecency with a child. He stated that probation would not be appropriate in "certain cases of sexual deviant behavior;" he agreed with defense counsel that such a situation would involve instances of serial child rape; and he stated that a juror would have to look at the case and the "evidence within a case." Murphy's comments did not show that he was biased or prejudiced against any law applicable to the case. *See* Tex. Code Crim. Proc. Ann. art. 35.16(c) (West 2006).

5

The record is silent as to why defense counsel chose to strike other venire members instead of Murphy. Appellant does not argue that any other particular jurors that were struck were more favorable than Murphy.

Appellant has failed to demonstrate that defense counsel's performance was deficient or that it prejudiced appellant's defense. Nor has he shown that counsel's failure to strike the venire member was not a valid trial strategy. Counsel may have been satisfied with the composition of the panel; he may have refrained from asking additional questions about probation to avoid giving the State more information on which to exercise peremptory challenges; based on the questioning before and after Murphy's comments, counsel may have believed he was making the point he wanted to make; or, he may have had any combination of reasons for asking the questions as he did and for not striking Murphy. Because these facts fall short of a "serial child rapist," counsel may have believed he had succeeded in contrasting the facts of the case from those in which Murphy would not consider probation. These possible reasons are speculative, but they demonstrate the record is inadequate to show that counsel's performance is either deficient or prejudicial to appellant. *See Goodspeed v. State*, 187 S.W.3d 390, 394 (Tex. Crim. App. 2005). We overrule appellant's first issue.

### Challenge to the Constitutionality of Texas Code of Criminal Procedure Art. 42.08(a)

Appellant next asserts that article 42.08(a) violates the constitutional delegation doctrine by authorizing a trial court to enter a "stacking" order allowing for cumulative sentencing.[1]

---

[1] Appellant contends that the jury's intent was to give appellant one 12-year sentence and a period of probation and that the jury did not intend for the sentences to be served consecutively. Because appellant's counsel then stated that "if you were to stack the probation, I don't think we would be opposed to that," the State argued that appellant waived this issue or, in the alternative, that

6

*See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West 2006). Because the legislature may not delegate its power to another branch of government unless it prescribes sufficient standards to guide the discretion conferred, appellant contends that there are not sufficient or adequate guidelines for the trial court's exercise of its discretion in determining whether the sentences should be cumulated or run concurrently.

When reviewing an attack on the constitutionality of a statute, the appellate court begins with a presumption that the statute is valid and the legislature has not acted unreasonably or arbitrarily. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Luquis v. State*, 72 S.W.3d 355, 365 (Tex. Crim. App. 2002). This presumption remains until the party challenging the statute carries its burden to establish its unconstitutionality. *Granviel*, 561 S.W.2d at 511; *Luquis*, 72 S.W.3d at 365; *Ex parte Ports*, 21 S.W.3d 444, 446 (Tex. App.—San Antonio 2000, pet. ref'd).

Although appellant acknowledges that the court of criminal appeals has ruled that this statute is not an unconstitutional delegation of authority, *see Johnson v. State*, 492 S.W.2d 505, 506 (Tex. Crim. App. 1973); *Hammond v. State*, 465 S.W.2d 748, 752 (Tex. Crim. App. 1971), he argues that the reasoning in *Johnson* is not sound and that it has been impliedly overruled by *Ex parte Granviel* and *In re Johnson*, 554 S.W.2d 775, 780-81 (Tex. Civ. App.—Corpus Christi

---

he is estopped from challenging the stacking order because he did not oppose its use in the context of probation. A party who requests a particular course of action by the trial court may not be heard to complain about the course of action on appeal. *See Jones v. State*, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003) (defendant who suggested that the trial court discharge juror estopped from complaining on appeal that discharge was inappropriate). The issue was preserved and not waived, and we cannot say that by agreeing to a probated sentence to run consecutively any concession is sufficiently clear to constitute estoppel.

7

1977, writ ref'd n.r.e.). Neither *Ex parte Granviel* or *In re Johnson* address the constitutionality of article 42.08 nor have they impliedly overruled *Johnson v. State* or *Hammond*. Since there has been no change in article 42.08 that is material to this appeal since *Johnson* and *Hammond* were decided, we are bound by the court of criminal appeals' holdings regarding its constitutionality. We overrule issue two.

### *Failure to Hold Hearing on Motion for New Trial*

In his third issue, appellant contends that the trial court erred in failing to hold a hearing on his motion for new trial. Asserting that there are facts outside the record relating to his ineffective assistance claim that the trial court was required to address in an evidentiary hearing, appellant seeks a remand for such a hearing.

Appellant filed a timely motion for new trial on the grounds that the evidence was legally and factually insufficient to support his conviction and that he received ineffective assistance of counsel. In support of his ineffective assistance claim, he alleged that his counsel failed to subpoena an eyewitness to the alleged incidents as well as the telephone records and medical records of the complainant's mother. Attached to the motion was appellant's affidavit in which he stated that he had urged his trial counsel to subpoena Q.A.'s grandmother, who shared the bedroom with Q.A., to testify at trial. He averred that the grandmother stayed in the room about twenty hours a day and that her bed was close to Q.A.'s bed. Because she "is very alert and [a] light sleeper" and "normally awake at five a.m. every day," her testimony would have been relevant.

Appellant also averred that because Q.A.'s mother was "bi-polar," her medical records and medications taken would have been relevant to refute the charges and her testimony.

8

Appellant complained that his counsel did not subpoena telephone records that would have shown that the mother called him repeatedly after their separation following Q.A.'s outcry. Appellant also complained that his counsel failed to adequately communicate with him prior to trial and prepare him for his testimony.

We review a trial court's refusal to hold an evidentiary hearing on a motion for new trial for an abuse of discretion. *See Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). A trial court abuses its discretion in denying a hearing on a timely filed motion for new trial if the motion raises a matter outside the record upon which relief could be granted. *See id.*; *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.).

The right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005); *Reyes*, 849 S.W.2d at 815. Generally, a trial court should hold a hearing if the motion and attached affidavit raise matters that are not determinable from the record that could entitle the accused to relief. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). In addition to timely filing the motion with supporting affidavits that demonstrate reasonable grounds for believing that some error has occurred, *Reyes*, 849 S.W.2d at 816, the defendant must *present* the motion to the trial court. *Carranza v. State*, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998). To present a motion for new trial, the defendant must give the trial court actual notice that he timely filed a motion for new trial and request a hearing on the motion. *Rozell*,

176 S.W.3d at 230.[2] The filing of a motion for new trial alone is not sufficient to show presentment. *Carranza*, 960 S.W.2d at 78; *Reyes*, 849 S.W.2d at 815.

Here, the record fails to show that appellant presented his motion for new trial to the trial court by bringing it to the attention of the court in any manner or that he requested a hearing. Because appellant failed to present his motion for new trial to the trial court and failed to request a hearing, he was not entitled to a hearing on the motion. The trial court did not err in failing to hold a hearing on the motion. We overrule appellant's third issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:  August 1, 2007

Do Not Publish

---

[2] In *Rozell v. State*, the court of criminal appeals reasoned:  "Presenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence. Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review.  Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."  176 S.W.3d 228, 230 (Tex. Crim. App. 2005).