IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00196-CR

 

BOBBY GLEN BARROW,

                                                                      Appellant

 v.

 

STATE OF TEXAS,

                                                                      Appellee

 

 

 



From the 40th
District Court

Ellis County, Texas

Trial Court # 26914CR

 



MEMORANDUM  Opinion



 

          Appellant, Bobby Glenn Barrow, was
tried before a jury and convicted on two counts of sexual assault of a
child.  Tex.
Pen. Code Ann. § 22.011 (Vernon
Supp. 2004-05).  The jury assessed
punishment at 15 years’ confinement on count one and 20 years on count
two.  The trial court ordered that the sentences
run consecutively.  Barrow appeals on ten
issues: three concerning factual sufficiency; five concerning cumulative
sentences; and two concerning ineffectiveness of counsel.

          We will overrule the issues and affirm
the judgment.

 

 

BACKGROUND

          Barrow was charged on two counts of
sexual assault arising out of the same incident, alleged to have occurred on or
about September 28, 2002.  The victim, who was 15 years old at the time
and is Barrow’s niece, was visiting Barrow and his family in Ferris.  She and her 13 year-old cousin drank Smirnoff
Ice alcoholic beverages purchased by Barrow. 
She testified that she drank four bottles, got sick, and threw up.  She then went to sleep on a bed with her aunt
(Barrow’s wife).   She awoke, felt
Barrow’s hand on her stomach and then inside her pants and underwear.  She testified that he took off her pants and
underwear and put his tongue inside her private area.  He then took her into another bedroom, put
her legs on his shoulders, and put his penis inside her.  He put his penis in her mouth and “comed” in
her mouth.

Factual Sufficiency

          Barrow’s first two issues argue that
the evidence is factually insufficient to support the two counts of sexual
assault.  We review factual sufficiency
by considering all of the evidence
in a neutral light to determine whether a jury was rationally justified in
finding guilt beyond a reasonable doubt. 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. April 21,
 2004).  Barrow argues that there was no DNA evidence,
and he testified that no sexual activity occurred.  The victim informed the school nurse on October
 7, 2002, that
her uncle had had sex with her.  She was
medically examined on October 8, 2002. 
No evidence was collected for DNA testing because of the length of time
between the exam and the incident.  A
photograph of the victim’s hymen was introduced into evidence, and the nurse
examiner testified that a tear in the hymen indicated penetration had occurred.  The victim testified that Barrow put his
penis in her vagina and in her mouth.  The
uncorroborated testimony of a child victim is sufficient to support a
conviction for aggravated sexual assault. 
See Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon
Supp. 2004-05).  Considering all of the
evidence in a neutral light, the jury was rationally justified in finding
beyond a reasonable doubt that Barrow caused the victim’s sexual organ to be
penetrated by his sexual organ and that Barrow caused the victim’s mouth to be
penetrated by his sexual organ.  Zuniga, 2004 WL 840786, at *7.  The evidence is factually sufficient to
support both counts.

          Barrow’s third issue contends that the
standard of review for factual insufficiency is incorrect.  We decline Barrow’s invitation to question
the standard set forth by precedent.[1]

          We
overrule these issues.

Sentencing

          Barrow’s fourth issue contends that
the trial court erroneously cumulated his sentences in violation of section
3.03 of the penal code.  That section
provides in part that when an accused is found guilty of more than one offense
arising out of the same criminal episode, and the offenses are violations of
section 22.011 committed against a victim younger than 17 years old, the
sentences may run either concurrently or consecutively.  Tex.
Pen. Code Ann. § 3.03(b) (Vernon 2003). 
However, Barrow points out that the section does not designate who may
make the decision to run the sentences consecutively.  He argues that because the jury determined
punishment, the jury, not the trial judge, should determine whether to cumulate
the sentences.  However, the Code of
Criminal Procedure vests the trial court with discretion to order concurrent or
consecutive sentences.  Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2004-05); see also Pena v.
State, 102 S.W.3d 450, 456 (Tex. App.—Eastland 2003, no pet.); Nicholas v. State, 56 S.W.3d 760, 764
(Tex. App.—Houston [14th Dist.]
2001, pet. ref’d).  We overrule this
issue.

          Barrow’s fifth and sixth issues
contend that allowing a judge to decide whether to cumulate sentences, even
though Barrow elected to have the jury determine his punishment, violates his constitutional
right to a jury trial and his constitutional right to due process.  U.S.
Const. amend. VI.  The Court of Criminal Appeals has upheld the
constitutionality of article 42.08.  Johnson v. State, 492 S.W.2d 505, 506
(Tex. Crim. App. 1973); Hammond
v. State, 465 S.W.2d 748, 752 (Tex. Crim. App. 1971).  We overrule these issues.

          Barrow’s seventh issue argues that, by
ordering that the sentences run consecutively, the trial court suspended the
twenty-year sentence in violation of article 42.08, which provides in part that
the cumulative total of suspended sentences in felony cases shall not exceed 10
years.  Tex.
Code Crim. Proc. Ann. art. 42.08. 
Barrow argues that his cumulated sentence is equivalent to a suspended
sentence.  However, the statute itself
distinguishes between “imposed” and “suspended” sentences in describing
cumulative sentencing: “the judgment in the second and subsequent convictions
may either be that the sentence imposed or suspended shall begin when the
judgment and the sentence imposed or suspended in the preceding conviction has
ceased to operate. . . .”  Id.  The statute permits a trial court to cumulate
either “imposed” or “suspended” sentences, but prohibits it from cumulating
“suspended” sentences in excess of ten years. 
Because Barrow’s sentence was not a suspended sentence for the purposes
of article 42.08, the trial court did not violate the article when it cumulated
the sentences.  We overrule this issue.

           Barrow’s eighth issue argues that the trial
court’s failure to warn him that his sentences could be cumulated violated his
due process rights.  Barrow cites no
authority for his proposition that a trial court has a duty to warn defendants
that it has the authority to stack sentences. 
The Court of Criminal Appeals has rejected the argument that a trial
court must admonish a defendant entering a guilty plea that the court has
authority to stack sentences.  Simmons v. State, 457 S.W.2d 281, 282
(Tex. Crim. App. 1970).  The trial court
was not required to admonish Barrow that his sentences could be cumulated.  We overrule this issue.

Ineffectiveness of Counsel

          Barrow’s ninth and tenth issues
contend that trial counsel rendered ineffective assistance during the
guilt/innocence and punishment phases of the trial.  To establish a claim of ineffective
assistance of counsel, the appellant must show that counsel’s assistance fell
below an objective standard of reasonableness and that counsel’s deficient
performance, if any, prejudiced the defendant. 
Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 2063 (1984).  The review of defense
counsel’s representation is highly deferential and presumes that counsel’s
actions fell within a wide range of reasonable professional assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  When the record is silent as to defense
counsel’s subjective motivations, we will ordinarily presume that the challenged
action might be considered sound trial strategy.  Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003).

          There
is no record of trial counsel’s strategy or motivations for the actions of
which Barrow complains.  He has not
overcome the presumption that counsel’s actions might be considered sound trial
strategy.  Stafford
v. State, 813 S.W.2d
503, 506 (Tex. Crim. App. 1991).[2]  We overrule these issues.

CONCLUSION

          Having overruled all of the issues, we
affirm the judgment.

 

 

BILL VANCE

Justice

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed December
 29, 2004

Do not publish 

[CRPM]

 











    [1]       Barrow’s brief was filed prior to the Zuniga decision.





    [2]       We are cognizant of our recent holding in
Loredo that a defendant’s counsel’s
failure to request notice of the State’s intent to introduce evidence of
extraneous offenses is unreasonable and not justifiable as sound trial
strategy.  Loredo v. State, No. 10-01-0078-CR, 2004 Tex.
App. LEXIS 11122, at *6-7 (Tex.
App.—Waco Dec. 8, 2004, no pet. h.).  Barrow asserts that his trial counsel failed
to make such a request.  The record does
not reveal whether Barrow’s trial counsel made such a request or not.  Even if trial counsel should have made such a
request and did not, the record does not indicate prejudice because Barrow’s
counsel was not surprised by the testimony regarding the extraneous
offenses.  The record also shows that the
extraneous offenses were mentioned during a pretrial hearing on application for
writ of habeas corpus.  The record also
shows that the trial court had a standing pretrial order requiring the State to
provide notice of extraneous offenses it intended to prove at trial.  Thus even if the first prong of the Strickland test were met, the second
prong, requiring Barrow to show that but for the alleged error the result of
the proceeding would have been different, would not be.  See
Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Loredo, 2004
Tex. App. LEXIS 11122, at *6-7.