In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00177-CR
______________________________


HORACE EARL JONES, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 32319-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Without the benefit of any plea agreement, Horace Earl Jones threw himself on the mercy
of the trial court and pled guilty to two charges of delivery of a controlled substance,
dihydrocodeinone, which offenses occurred on two dates separated by almost a month. After
administering the necessary admonishments, the trial court accepted Jones' pleas and found him
guilty in both cases. The trial court sentenced Jones to eight years' confinement on the first case and
ten years' confinement on the second. The trial court then ordered Jones' sentences to run
consecutively.



Â Â Â Â Â Â Â Â Â Â Â Â Jones asserts the trial court erred in cumulating, or "stacking," his two sentences, even though
he had not been given notice that the State would ask for sentence stacking. Jones concedes the
decision to cumulate or run sentences concurrently is within the trial court's discretion. See Tex.
Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2005); Smith v. State, 575 S.W.2d 41 (Tex. Crim.
App. [Panel Op.] 1979), overruled in part on other grounds, LaPorte v. State, 840 S.W.2d 412 (Tex.
Crim. App. 1992). But he complains the State failed to provide him with notice that it would ask
the trial court to stack the sentences for the two charges. 
Â Â Â Â Â Â Â Â Â Â Â Â At Jones' plea hearing, along with other basic admonishments,


 the trial court advised Jones
it could stack the sentences it imposed. "And I've been known to do it," continued the trial court,
making sure there was no doubt in Jones' mind about the sentencing possibilities. The trial court
made clear, by questioning the State, as well as Jones and his attorney, that this was "truly [an] open
plea" before the trial court, and no plea agreement had been reached by the parties. 
Â Â Â Â Â Â Â Â Â Â Â Â Jones does not provide this Court with any authority for his claim he was entitled to notice
the State would ask the trial court to stack his sentences. He claims that the failure of the State to
so notify him deprived him of his due process rights. There is no due process deprivation in a trial
court's exercise of its discretion in cumulating sentences under Article 42.08 of the Texas Code of
Criminal Procedure. Johnson v. State, 492 S.W.2d 505, 506 (Tex. Crim. App. 1973); Hammond v.
State, 465 S.W.2d 748, 752 (Tex. Crim. App. 1971).
Â Â Â Â Â Â Â Â Â Â Â Â We find there is no requirement of prior notice before a trial court exercises its discretionary
power to cumulate sentences. See Tyson v. State, Nos. 2-03-375-CR, 2-03-376-CR, 2005 Tex. App.
LEXIS 6424, at *6â7 (Tex. App.âFort Worth Aug. 11, 2005, no pet. h.); Millslagle v. State, 150
S.W.3d 781, 784â85 (Tex. App.âAustin 2004, pet. dism'd).


 Jones has directed us to no authority
to support his contention he was entitled to notice that the State would ask the trial court to cumulate,
or stack, the sentences.


 Nor have we found any such authority. Accordingly, we overrule Jones'
point of error and affirm the trial court's judgment.

Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â November 8, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â November 10, 2005

Do Not Publish



eption Locked="false" Priority="70" SemiHidden="false"
 UnhideWhenUsed="false" Name="Dark List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00157-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RAYMOND KEITH WALLS,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 102nd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Red
River County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR01624

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Raymond
Keith Walls appeals from his conviction for assault.Â  See
Tex. Penal Code Ann. Â§ 22.01(a),
(b)(2)(B) (West 2011).Â  WallsÂ attorney
on appeal has filed a brief which discusses the record and reviews the
proceedings in detail, providing possible issues, but explaining why they
cannot succeed. Â Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. Â This meets the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief and a letter to Walls on November 16, 2011,
informing Walls of his right to file a pro se response and his right to review
the record of the trial proceedings in doing so. Â WallsÂ brief was due to be filed in this Court
on December 16, 2011.Â  As of this date, no
brief has been filed and no request for extension has been made. Â Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.

Â Â Â Â Â Â Â Â Â Â Â  We have
determined that this appeal is wholly frivolous. Â We have independently reviewed the clerkÂs
record and the reporterÂs record, and find no genuinely arguable issue. Â See Halbert v. Michigan, 545 U.S. 605, 623 (2005).
Â We, therefore, agree with counselÂs
assessment that no arguable issues support an appeal. Â See Bledsoe v. State, 178 S.W.3d 824, 826Â27
(Tex. Crim. App. 2005).

Â Â Â Â Â Â Â Â Â Â Â  We take note, though,
of an inaccuracy in the trial courtÂs judgment.Â Â  The judgment states Walls pled ÂtrueÂ to the
two enhancement paragraphs, where in fact he pled Ânot true.ÂÂ  We amend the judgment to reflect WallsÂ
pleas.[1]

Â Â Â Â Â Â Â Â Â Â Â  As amended,
we affirm the trial courtÂs judgment.[2]Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  January
30, 2012

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  January
31, 2012

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â 

Â 

Â 











[1]Appellate
courts have the authority to reform the judgment to make the record speak the
truth when the matter has been called to its attention by any source. Â French
v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992). Â In Asberry
v. State, 813 S.W.2d 526 (Tex. App.ÂDallas
1991, pet. ref'd), the court noted that the authority of the appellate court to
reform incorrect judgments is not dependent on request of any party and that
the appellate court may act sua sponte.Â 
The Texas Rules of Appellate Procedure provide direct authority for this
Court to modify the judgment of the trial court. Â Tex. R.
App. P. 43.2(b).

Â 





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel's request to
withdraw from further representation of appellant in this case. Â No substitute counsel will be appointed.
Should appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, appellant must either retain an attorney to file a petition
for discretionary review or appellant must file a pro se petition for
discretionary review. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing or for en banc reconsideration was overruled by this
Court. Â See Tex. R. App. P.
68.2. Â Any petition for discretionary
review must be filed with the clerk of the Texas Court of Criminal Appeals. See
Tex. R. App. P. 68.3 (amended by
the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011). Any petition for discretionary review should comply with the
requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. Â See Tex. R. App. P. 68.4.