ACCEPTED
04-14-00050-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/22/2015 3:01:20 PM
KEITH HOTTLE
CLERK



Nicholas "Nico" LaHood

Criminal District Attorney

Bexar County, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/22/15 3:01:20 PM
KEITH E. HOTTLE
Clerk

September 22, 2015

Mr. Keith E. Hottle
Clerk, Court of Appeals
Fourth Court of Appeals
Cadena-Reeves Justice Center
San Antonio, Texas 78205-3037

      RE:   *Taylor Rae Rosenbusch v. The State of Texas*
             Appellate No. 04-14-00050-CR
             Trial Court No. 2011-CR-11075
             **Additional Citations**

Dear Mr. Hottle:

Pursuant to Local Rule 8.3,[1] the State submits the following additional citations for the

Court's consideration.

As to Appellant's claim on involuntary plea, issues 1-3:

A. Admonishing on range of punishment
    a. In *Sifuentes v. State*, this Court found appellant's plea voluntary even though the trial court misstated the punishment range, stating, "[o]ne of the statutorily required admonitions is the range of punishment . . . however, it is not constitutionally required." (citations omitted) *See Sifuentes v. State*, No. 04-08-00327; 00328; 00329-CR, August 2009, no pet (unpublished).
    b. In *Oseguera-Garcia v. State*, this Court found appellant failed to meet his burden that his plea was involuntary. Even though appellant asserted he did not understand English well and thought he was pleading not guilty, the record did not support his assertion. *See Oseguera-Garcia v. State,* No. 04-11-00896-CR, May 2013, pet.

---

1 Local Rule 8.3 provides the following: A party may file a letter containing additional citations with succinct comment, at any time without leave of court.

**Paul Elizondo Tower – 101 W. Nueva St., Fourth Floor - San Antonio, Texas 78205**
**(210) 335-2311**
**For Victim Assistance call (210) 335-2105**

dismd and pet. ref'd (unpublished).


As to Appellant's claim that Article 42.08 is unconstitutional, issue 4:

- A. Preservation
    - a. *Curry v. State*, 9710 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995). In this case, the Texas Court of Criminal Appeals noted there are constitutional errors that may be waived by failure to object at trial.
- B. Constitutionality of Texas Code of Criminal Procedure art. 42.08
    - a. In *Jaramillo v. State*, this Court found article 42.08(a) constitutional, in part, because there is no right under the Constitution to a concurrent sentence. *See Jaramillo v. State,* No. 04-01-00846-CR, San Antonio, June 2003, no pet (unpublished).
    - b. *Baylor v. State*, 194 S.W.3d 157, 159 (Tex. App.—San Antonio, 2006). In *Baylor*, this Court noted that the Court of Criminal Appeals has repeatedly upheld the constitutionality of article 42.08.
    - c. *Hammond v. State*, 465 S.W.2d 748, 752 (Tex. Crim. App. 1971) – holding Article 42.08 constitutional.
    - d. *Johnson v.* State, 492 S.W.2d 505, 506 (Tex. Crim. App. 1973) - holding Article 42.08 constitutional.


The State requests that the panel assigned to this case consider the above described authorities in its resolution of Appellant points of error number appeal.


                                        Respectfully,


                                        /s/ Lauren A. Scott
                                        _____
                                        **Lauren A. Scott**
                                        Assistant District Attorney
                                        Bexar County, Texas
                                        Paul Elizondo Tower
                                        101 W. Nueva, 7th Floor
                                        San Antonio, Texas 78205
                                        (210) 335-2885
                                        Email: lscott@bexar.org
                                        State Bar No. 24066843

cc:     **John F. Carroll**
        111 West Olmos Drive
        San Antonio, Texas 78212
        Email:jcarrollsatx@gmail.com